UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                 CASE NO.    07-20167
                                                            09-13350
                                         HON. LAWRENCE P. ZATKOFF
v.

THOMAS L. MERCER,

    Defendant.
_____ /

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on October 13, 2011

This matter is before the Court on: (1) Defendant's Motion for Reconsideration from Denial of Motion to Correct PSR (Docket #57), and (2) Defendant's Motion for Release on Bail Pending Reconsideration Motion and Reduction in Restitution (Docket #60). For the reasons that follow, both motions are DENIED in their entirety.

On June 9, 2011, the Court denied Defendant's Motion to Correct Pre-Sentence Report, stating, in part:

> First, Federal Rule of Criminal Procedure 35 provides that: (1) the Court may correct a sentence that "resulted from arithmetical, technical, or other clear error" if it does so within 14 days of sentencing (Rule 35(a)), or (b) upon a motion by the government within one year of sentencing for substantial assistance by the defendant (Rule 35(b)).[1] As neither the Court nor the Government has initiated the effort to correct Defendant's sentence (which he attempts to do indirectly by challenging the

---

[1] Rule 35(c) provides, in its entirety: "As used in this rule, 'sentencing' means the oral announcement of the sentence."

PSR calculation), Rule 35 does not apply. Moreover, Defendant was sentenced on December 11, 2007, and amended judgment was entered on January 17, 2008. The instant motion was filed on March 24, 2011, *i.e.*, over three years after he was sentenced. As such, the motion is untimely.

Second, Federal Rule of Criminal Procedure 36 provides that a court may correct: (1) "a clerical error in a judgment, order, or other part of the record," or (2) an error "in the record" arising from oversight or omission. Defendant's motion does not allege a clerical error or any error in the record. As such, Rule 36 is inapplicable.

Accordingly, and for the reasons set forth above, the Court DENIES Defendant's Motion to Correct Pre-Sentence Report (Docket #54).

For those reasons, and because Defendant has offered no basis for the Court to change its ruling therein, Defendant's Motion for Reconsideration is DENIED. In addition, as the Motion for Reconsideration has been denied, the Defendant's Motion for Release on Bail is DENIED AS MOOT because there is no pending motion before the Court that might reduce the term of Defendant's sentence. Finally, to the extent the issue of restitution has not been addressed since Defendant's sentence was imposed, Defendant's Motion for Reduction in Restitution is DENIED for the reasons set forth above (*i.e.*, in the Court's June 9, 2011 Opinion and Order).

Therefore, for the reasons set forth above:

(1) Defendant's Motion for Reconsideration from Denial of Motion to Correct PSR (Docket #57) is DENIED, and

(2) Defendant's Motion for Release on Bail Pending Reconsideration Motion and Reduction in Restitution (Docket #60) is DENIED.

IT IS SO ORDERED.

                                              S/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated: October 13, 2011

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 13, 2011.

                                              S/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290