UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

CASE NO.   07-20167
            09-13350
HON. LAWRENCE P. ZATKOFF

v.

THOMAS L. MERCER,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on August 30, 2012

PRESENT: HON. LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

This matter is before the Court on: (1) Defendant's Motion for Leave of Court for Memorandum in Support to Vacate Defendant's Guilty Plea ("Motion for Leave") (Docket #77), and (2) Defendant's Motion for Reconsideration of Denial of Defendant's Motion to Vacate Guilty Plea and Release on Bail Pending the Decision ("Motion for Reconsideration") (Docket #79). For the reasons that follow, both motions are DENIED.

As to Defendant's Motion for Leave of Court, the Court first notes that Defendant filed the Motion for Leave as the Court was issuing an Opinion and Order denying three similar motions (*see* Opinion and Order dated August 13, 2012 (Docket #78)). The Motion for Leave raises the same issues and arguments Defendant set forth in many prior filings, including the three motions to vacate the guilty plea the Court denied on August 13, 20012. The Court has repeatedly, explicitly and

implicitly, rejected each of these contentions, most notably in Docket #44 (the Report and Recommendation prepared by Magistrate Judge Komives with respect to Defendant's 28 U.S.C. §2255 motion), Docket #46 (the Opinion and Order adopting said Report and Recommendation), and Docket #78 (the August 13, 2012, Opinion and Order). As this Court has held, none of the "errors" or "ineffective assistance of counsel" arguments raised by Defendant has any merit, as every challenge Defendant has made to his sentence has been unsubstantiated. The Court also finds that there is no basis upon which a reasonable person could conclude that Defendant's counsel was ineffective or misled Defendant with respect to his decision to plead guilty. Therefore, the Court denies Defendant's Motion for Leave.

In his Motion for Reconsideration, Defendant again asserts that the presentence investigation report prepared by the Probation Department was inaccurate, in particular Defendant's criminal history, which Defendant contends is erroneous. Moreover, Defendant raises the same arguments regarding these issues. Accordingly, the Court finds that Defendant has not satisfied his burden to prevail on a motion for reconsideration, which requires that:

> [T]he party bringing the motion for reconsideration must: (1) file the motion for reconsideration within 10 days of the Court's prior ruling; (2) demonstrate a palpable defect by which the court and the parties have been misled, and (3) demonstrate that "correcting the defect will result in a different disposition of the case."

See E.D. Mich. L.R. 7.1(h)(1) and (3). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997). Therefore, the Court denies Defendant's Motion for Reconsideration.

Accordingly, and for the reasons set forth above, the Court hereby ORDERS that:

(1) Defendant's Defendant's Motion for Leave of Court for Memorandum in Support to Vacate Defendant's Guilty Plea (Docket #77) is DENIED, and

(2) Defendant's Motion for Reconsideration of Denial of Defendant's Motion to Vacate Guilty Plea and Release on Bail Pending the Decision (Docket #79) is DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 30, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 30, 2012.

s/Marie E. Verlinde
Case Manager
(810) 984-3290